UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: | CASE NO. 14-20442 |
| TLH INVESTMENTS, LLC, <br> d/b/a Clendenin Laundromat <br> d/b/a Gold Key Realty, | CHAPTER 11 <br><br> JUDGE FRANK W. VOLK |
| Debtor in Possession. | |
| IN RE: | CASE NO. 14-20441 |
| TIMOTHY LEE HOPKINS, | CHAPTER 11 |
| Debtor in Possession. | JUDGE FRANK W. VOLK |

**MEMORANDUM OPINION AND ORDER**

Pending are (1) motions by the United States Trustee to convert both of these cases to Chapter 7 proceedings, and (2) a motion by Debtor TLH Investments, LLC, ("TLH"), in its case, to sell real property.

The Court has reviewed the movants' submissions and the objection of MarkWest Energy Partners, L.P. ("MarkWest"). On December 16, 2015, the Court held a hearing on the pending motions. Following inquiry by the Court, TLH, MarkWest, and Happy Coe Investments LLC ("Happy Coe") jointly expressed that they did not wish to be further heard in writing. The Court thus deems the matter submitted.

This is a core proceeding pursuant to 28 U.S.C. § 157. The Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

I.

On August 20, 2014, TLH, a West Virginia limited liability company, petitioned for relief under Chapter 11 of the Bankruptcy Code. TLH owns real estate that includes a parcel located at Cobb Landing on Elk River Road in Kanawha County. The parcel consists of approximately 1.06 acres ("One Acre Parcel"). The One Acre Parcel includes four separate apartment buildings, each one containing two separate apartments. TLH also owns an additional five-plus acres adjacent to the One Acre Parcel (the "Five Acre Parcel"). The Five Acre Parcel is undeveloped. The One Acre Parcel and the Five Acre Parcel are collectively referred to as the "entire property." MarkWest operates a facility located directly across the street from the entire property.

On October 29, 2015, TLH moved for approval to sell the One Acre Parcel to Happy Coe. TLH and Happy Coe struck a bargain, facilitated by a realtor, for a proposed sale price of $450,000. MarkWest objected to the proposed sale, seeking to purchase the entire property for $565,000, plus payment of the sewage bill. MarkWest has not entered into a real estate purchase contract with TLH. It has, however, conveyed to TLH the proposed purchase price, along with its written "interest in and intention of bidding on and purchasing the . . . ." entire property. (Obj. at 3).

II.

A. **Governing Standard**

It appears undisputed that the proposed sale of either parcel is beyond the ordinary course of TLH's business. The Bankruptcy Code, however, permits a debtor in possession to sell assets outside the ordinary course of business prior to filing a plan of reorganization. *See* 11 U.S.C.

§ 363(b)("The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ."); *Sumy v. Schlossberg*, 777 F.2d 921, 923-24 (4th Cir. 1985); *In re WBQ Partnership*, 189 B.R. 97, 102 (Bankr. E.D. Va. 1995). Importantly, sales pursuant to section 363(b) may be conducted either publicly or privately, the latter of which is at issue here. Fed. R. Bankr. P. 6004(f). Given the absence of a trustee here, it is additionally important to note that a debtor-in-possession has the same rights with respect to section 363 as a Chapter 11 trustee. 11 U.S.C. § 1107(a); *In re Ballard*, 65 F.3d 367, 373 (4th Cir. 1995) (Hall, J., dissenting).

One commentator has observed as follows respecting the proposed sale of estate property outside the ordinary course:

> The most common objection to a proposed sale outside the ordinary course of business is that the purchase price or another term of the sale is not in the best interest of creditors. *Bankruptcy judges are particularly concerned that property be sold on the best possible terms and have broad discretion when deciding whether to approve the terms of a proposed sale.*

Jonathan P. Friedland, *Commercial Bankruptcy Litigation* § 7:5 (Elec. ed. 2015) (emphasis added). It is perhaps for this reason that courts have denied sale motions when a potential bidder with a higher and better offer appears. *See In re Broadmoor Place Invs., L.P.*, 994 F.2d 744, 746 (10th Cir. 1993) (noting that a bankruptcy court has "the power to disapprove a proposed sale recommended by a . . . debtor-in-possession if it has an awareness there is another proposal in hand which, from the estate's point of view, is better or more acceptable . . . ."); *In re Summit Corp.*, 891 F.2d 1, 5 (1st Cir. 1989) ("In order to achieve the goals of maximizing the value of the estate and protecting the interests of creditors, the court has plenary power to provide for competitive bidding."); *In re Sunland, Inc.*, 507 B.R. 753, 758 (Bankr. D.N.M. 2014); *Lithograph*

*Legends, LLC v. U.S. Trustee*, No. 09-CV-943 (JMR), 2009 WL 1209469, at *3 (D. Minn. Apr. 30, 2009).

**B.     Analysis**

The belated appearance of MarkWest has knotted the sale process. Foremost, the proposed offer for the entire property is not an "apples-to-apples" counterpart with the arms-length deal struck by TLH and Happy Coe. But several factors warrant caution in approving the latter bargain. First, the MarkWest offer promises far more cash for the estate than the Happy Coe tender. Second, MarkWest proposes to purchase both developed and undeveloped acreage, the latter of which would remain unliquidated indefinitely under the Happy Coe proposal.

It may or may not be that MarkWest's proposal is ultimately deemed superior to that presented by Happy Coe. The reasonable prospect that it may be, however, or that it might spark even better offers by the present suitors or others, warrants disapproval of the TLH and Happy Coe accord. The Court does not take this action lightly. From an equitable standpoint, as Happy Coe's counsel aptly noted during the hearing, his client "has done everything right." (Hrg. Trans. at 6:34). It is also the case that the realtor who produced Happy Coe may lose his fee.

Equity, however, must give way here. The proper tipping point under the Code -- where a late arriving suitor presents what may be a higher and better offer for estate property -- is not whether the original suitor will be disappointed or even whether a realtor might sacrifice a hard-earned commission. Value maximization must remain the pole star. And that overriding goal is best served by disapproving the proposed sale and permitting the process to proceed under Chapter 7, as proposed by the United States Trustee.

### III.

Based upon the foregoing discussion, it is, accordingly, **ORDERED** as follows herein:

1. That TLH's motion to sell real property be, and hereby is, **DENIED**; and

2. That the United States Trustee's motions to convert both of these cases to Chapter 7 proceedings be, and hereby are, **GRANTED**.

The Clerk's Office shall transmit a copy of this written opinion and order to counsel for the Debtors, Happy Coe, MarkWest, and the United States Trustee.

DATED: January 4, 2016

_Frank W. Volk_
Frank W. Volk
United States Bankruptcy Judge